**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 97-31301
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

ARNOLDO OZUNA GALAN,

Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 97-CV-1948

December 23, 1998

Before WISDOM, DUHÉ, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

Arnoldo Ozuna Galan pleaded guilty to conspiracy to escape from a federal prison and was sentenced to 37 months in prison. Galan's conviction and sentence were affirmed on appeal.[2] Galan filed a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. The district court denied the motion. Galan now appeals, asserting three assignments of error.

First, Galan contends that he received ineffective assistance of counsel at sentencing. Galan contends that the objections to the presentence investigative report (PSR) filed by his counsel resulted in an increase his sentence. As part of a plea agreement, the United States agreed not to oppose Galan's contention that he had no aggravating role in the offense, and that he should be sentenced at the low end of the applicable guideline range. The PSR recommended that Galan receive a two-

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[2] United States v. Galan, 82 F.3d 639 (5th Cir. 1996).

level reduction for acceptance of responsibility and a four-level increase for acting as an organizer of the criminal activity. Galan's counsel objected to the PSR, asserting that Galan was not an organizer of the conspiracy.

The probation officer considered these objections equivalent to a denial of Galan's responsibility, and filed an amended PSR that did not include a two-level reduction for acceptance of responsibility. As a result of the amended PSR, the guideline range changed from 24 to 30 months in prison to 30 to 37 months. Galan was sentenced to 37 months. Galan now contends that the objections could not possibly have proved beneficial to Galan, and that making the objections, without calling witnesses who could have supported the objections, constituted ineffective assistance of counsel.

To prevail on a claim of ineffective assistance of counsel, Galan must show that counsel's performance was deficient, and that this deficient performance prejudiced Galan at sentencing.[3] Galan's contention is that his counsel was ineffective for failing to call witnesses who would have testified that Galan was not an organizer of the conspiracy. The failure to present mitigating evidence at sentencing is not per se ineffective assistance of counsel.[4] As Galan has made no other complaint of deficient performance at sentencing, he has failed to meet the first prong of Strickland, and the assignment is without merit.

Galan's second contention is that his trial counsel had an actual conflict of interest. This contention arises from counsel's representation of both Galan and a codefendant, Fabian Ortiz. Galan argues that he is entitled to withdraw his guilty plea as a result of this conflict, and cites this Court to Perillo v. Johnson.[5] The defendant in Perillo did not enter a guilty plea. "Once a guilty plea has been entered, all nonjurisdictional defects in the proceedings against a defendant are waived. This

---

[3] Strickland v. Washington, 466 U.S. 668 (1984) and Spriggs v. Collins, 993 F.2d 85, 88 (5th Cir. 1993).

[4] Rector v. Johnson, 120 F.3d 551, 564 (5th Cir. 1997) see also Alexander v. McCotter, 775 F.2d 595, 602 (5th Cir. 1985).

[5] 79 F.3d 441 (5th Cir. 1996).

includes all claims of ineffective assistance of counsel, *except* insofar as the alleged ineffectiveness relates to the voluntariness of the giving of the guilty plea."[6] As Galan has never contested the voluntariness of his plea, the allegation of ineffective assistance through conflict of interest is without merit.

Finally, Galan contends that he is entitled to discovery and an evidentiary hearing to prove the facts supporting his claims. A district court's decision not to conduct an evidentiary hearing in a §2255 proceeding is reviewed for an abuse of discretion.[7] As Galan is not entitled to relief on either issue on appeal, there was no need for the district court to hold an evidentiary hearing.[8]

AFFIRMED.

---

[6] Smith v. Estelle, 711 F.2d 677 (5th Cir. 1983)(cites omitted)(emphasis in original).

[7] United States v. Bartholemew, 974 F.2d 39, 41 (5th Cir. 1992).

[8] United States v. Boniface, 631 F.2d 1228, 1229 (5th Cir. 1980).